## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY D. BURDETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHUCK GARNATTI, ) | Case No. 06-CV-445-JPG |
| Williamson County States Attorney , ) | |
| CITY OF HERRIN POLICE DEPARTMENT, ) | |
| MARK BROWN, Chief, ) | |
| WILLIAMSON COUNTY SHERIFF'S OFFICE, ) | |
| TOM CUNDIFF, Sheriff, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) and his *ex parte* motion for temporary restraining order pursuant to Fed. R. Civ. P. 65(b) (Doc. 2). Plaintiff, Jimmy Burdette, appearing *pro se*, alleges that defendants have violated and will continue to violate his civil rights under color of law. Burdette asks the Court to grant his *ex parte* motion enjoining defendants from arresting, harassing, following, or surveilling him, or from filing any complaints against him. For the following reasons, the Court will **GRANT** Burdette's motion to proceed *in forma pauperis*, but will **DENY** his *ex parte* motion for temporary restraining order.

### I.     Standard for Proceeding *In Forma Pauperis*

The Court may authorize the commencement of any civil action without prepayment of filing fees by a person who is unable to pay them. 28 U.S.C. § 1915 (a)(1) (2002). However, if at any time the Court determines the allegation of poverty is untrue or the action is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief the Court must dismiss the case. 28 U.S.C. § 1915 (e)(2). The Court is satisfied from Burdette's affidavit that he is indigent, therefore the Court **GRANTS** his motion to proceed *in forma pauperis*. After reviewing the compliant, the Court cannot say that every claim raised by Burdette is meritless. However, if at any time it determines the action is meritless, the Court will dismiss the case.

## II.    Standard for *Ex Parte* Temporary Restraining Order

Ordinarily a court should not issue a temporary restraining order (TRO) *ex parte*. This policy "reflects the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Accordingly, an *ex parte* TRO is only appropriate "when there is no reasonable alternative." *Id.* at 322. For example, the Court may appropriately grant an *ex parte* TRO when notice to the adverse party is impossible because the identity or location of the adverse party is unknown. *Id.*

"Where there are no practical obstacles to giving notice to the adverse party, an *ex parte* order is justified only if there is no less drastic means for protecting the plaintiff's interests." *Id.* at 323. For example, the Court may appropriately grant an *ex parte* TRO when the petitioner demonstrates to the Court that the adverse party, if notified of the impending action, would take steps to damage the petitioner's interest. *See In the Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir.1979).

Here, Burdette is aware of the identities and locations of the defendants. Therefore, he faces no practical obstacles to giving them notice. In addition, Burdette has not demonstrated to the Court

that giving notice to the defendants would result in any change to the status quo. Although Burdette's affidavit alleges many instances of past bad conduct by the defendants, he has not shown that any irreparable harm to his interests would result from giving defendants notice and an opportunity to be heard. Because Burdette faces no practical obstacles to giving defendants notice, and no harm to his interests that would result from giving defendants notice, the Court **DENIES** his *ex parte* motion for a temporary restraining order. Burdette must serve the defendants before action on his request for a preliminary injunction can proceed. When service is effected, Burdette shall notify the Court. The Court will then promptly set a hearing to determine the propriety of a preliminary injunction in this case.

If Burdette wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** Burdette to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Burdette and pursuant to Federal Rule of Civil Procedure 4(c)(2), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Burdette. Costs of service shall be borne by the United States.

**III.    Conclusion**

Burdette's motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED**. His motion for a TRO (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**

**Dated: June 15, 2006.**

          s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**